*157 Chief Justice J. JONES,
concurring in part and dissenting in part.
With a certain amount of trepidation, I dissent, in part, from the Court’s opinion. Although the Court’s result is probably warranted under all of the circumstances, I am concerned about the conclusion in Part V, Section C of the opinion that the entire legal description in the Quitclaim Deed is insufficient as a matter of law. I agree that part of the legal description—“all adjacent parking lots to the South of the Building and to the West of the Building and right of access into the parking lot located at 550 Linden Drive”—is insufficient for purposes of a valid conveyance. However, the part of the description which identifies “the building known as Benton Engineering building located upon the property ... at 550 Linden Drive, Idaho Palls, Idaho located in Bonneville County and more commonly known as the Benton Engineering Office Building,” appears to meet the requirements set out by this Court in City of Kellogg v. Mission Mountain Interests, Ltd. Co., 135 Idaho 239, 16 P.3d 915 (2000). In that case, the Court held that the description of a building as “Tamarack Lodge” was sufficient to identify the property being conveyed, with the caveat that “the quantity of land involved was only the amount directly underneath the lodge, and not some other, larger parcel within the ski resort area.” Id. at 244-45, 16 P.3d at 920-21.
The pertinent question here is whether the legal description is an all-or-nothing proposition. That is, does it stand or fall in its entirety? McCarty has seemingly approached the issue both ways in the written and oral argument she presented to the Court. The overall thrust of McCarty’s argument is that the entire legal description is adequate and that she is entitled to the entire property. On the other hand, in a number of instances in her briefing she seems to advance a piecemeal approach, e.g., “it cannot be disputed that the deed conveyed the Benton Engineering building, because it is expressly called out in the deed” and “[wjithout question, the Quitclaim Deed conveys the Benton Engineering building to McCarty.” When asked at oral argument whether the legal description was an all-or-nothing proposition, McCarty’s counsel responded with less than absolute certainty.
In my view, the building was identified with sufficient certainty to meet the requirements of this Court’s precedent. Therefore, I am not inclined to disqualify the conveyance for lack of certainty with regard to the building. That does not mean that I would give my blessing to the purported transfer of the property to McCarty pursuant to the Quitclaim Deed.
There are some troubling aspects with regard to this purported conveyance. McCarty described one of the grantors, David Benton, as “a civil engineer and land surveyor of many decades.” It is hard to conceive that a person with such qualifications would prepare or sign a quitclaim deed with such an amateurish legal description. The Quitclaim Deed was purportedly signed on July 1, 2010, but not notarized at that time, an unusual oversight for an experienced engineer and land surveyor. It was not offered to the county for recording until almost two years later. The deed was purportedly notarized on •April 24, 2012, and then submitted for recording with the county recorder on that same date. Strangely, on the same day the Quitclaim Deed was signed, the Bentons also signed a warranty deed purporting to convey the same property, with a slightly different description, to McCarty.- That deed was neither notarized nor recorded.
The title to the property was held by “The David and Marvel Benton Trust” but there was no indication on the Quitclaim Deed when it was purportedly signed on July 1, 2010, that any trust was involved in the transaction. It appeared to be a conveyance to McCarty by a husband and wife acting in their own right. When the deed was submitted to the county for recording on April 24, 2012, there was still no indication of any trust interest in the property. Shortly afterward, the Bonneville County Assessor notified McCarty that the “grantor name is not identical to recorded owner’s name.” The deed appears to have been re-recorded on May 4, 2012, with the printed word “trust” after the names of the grantors, and the addition on its face, just above the legal description,- of *158 the words “Exhibit ‘A.’ ” The deed then had a second page containing what appears to be a proper legal description. It is odd that a person with some sophistication in real estate matters and the trustee of a marital trust would misidentify the grantor of a deed conveying property out of the trust.
Just four months after the Quitclaim Deed was purportedly signed, the Bentons amended their trust to require that any transaction with regard to trust assets had to have the signature of a family co-trustee, as well as them own, in order to be valid. The amendment also provided “[i]n no event at any time shall Dorothy Benton McCarty serve as a Trustee of the Trust or have control over any property or business entity owned by the Trust.” The amendment was effective November 1, 2010, a year and a half before the Quitclaim Deed was first recorded. Further, Respondent points out that David Benton executed a First Codicil to his Will on June 30, 2008, stating:
I hereby state that DOROTHY BENTON MCCARTY does not own any part of the Benton Engineering Office located at 550 Linden Drive, Idaho Falls, Idaho, nor any of the garages or surrounding property. I further declare that DOROTHY BENTON MCCARTY does not own any part of the Benton Engineering business. I specifically direct that upon my death that she will not become the manager of Benton Engineering. I further direct that in the event of my disability or incapacity that she shall not become the manager of Benton Engineering.
The trust amendment and will codicil certainly seemed to be contrary to the intent of the deeds purportedly signed by the Bentons. In this regard, the record contains allegations by the Respondent of lack of mental capacity on the part of David Benton.
Although I tend to think the end result reached by the Court is probably warranted, based upon what is contained in the record, I can’t overlook the fact that the building was adequately described in the Quitclaim Deed. For that reason, I would vacate the summary judgment with respect to the building and remand for further proceedings regarding the validity of the purported conveyance.